UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LAVERN C. FASTHORSE,<br><br>         Plaintiff,<br> v.<br><br>STATE OF NEVADA, et al.,<br><br>         Defendants. | Case No. 2:17-cv-02141-JAD-PAL<br><br>**ORDER**<br><br>(Receipt of Initiating Docs. – ECF No. 1) |

This matter is before the court on Plaintiff Lavern C. Fasthorse's failure to pay the standard filing fee or submit an application to proceed *in forma pauperis* ("IFP") in this case.

Mr. Fasthorse is a prisoner in the custody of the Nevada Department of Corrections at the Southern Desert Correctional Center. He is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. He has submitted a complaint as part of his initiating documents (ECF No. 1), but he did not submit the IFP application for incarcerated litigants or remit the $400.00 filing fee.[1] To proceed in a civil action without paying the standard filing fee, LSR 1-1 and 28 U.S.C. § 1915 provide that a litigant must submit the court's form IFP application. Additionally, LSR 1-2 and § 1915(a) specifically require three items be submitted to this court with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated,[2] (2) a copy of his or her inmate trust

---

[1] The $400 filing fee consists of a $350 base fee and a $50 administrative fee. Pursuant to the court's Schedule of Fees dated January 1, 2015, the $50 administrative fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

[2] Local Special Rule 1-2 provides:

> An application to proceed *in forma pauperis* received from an incarcerated or institutionalized person shall be accompanied by a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six (6) months preceding the submission of the application.

1

account statement for the six-month period prior to filing,[3] and (3) a signed financial affidavit showing an inability to prepay fees and costs or give security for them.[4]

Accordingly,

**IT IS ORDERED:**

1. The Clerk of Court shall RETAIN Plaintiff's complaint, but **SHALL NOT** issue summons.

2. The Clerk of the Court is instructed to MAIL Plaintiff a blank form Application to Proceed *in Forma Pauperis* for incarcerated litigants with instructions.

3. Plaintiff shall have until **September 22, 2017**, to file the Application to Proceed *in Forma Pauperis*, accompanied by: (a) a signed and executed financial certificate, (b) a signed and executed financial affidavit, and (c) a statement of his/her inmate trust account.

4. Alternatively, Plaintiff shall pay the $400 filing fee, accompanied by a copy of this Order, on or before **September 22, 2017**.

5. Plaintiff's failure to comply with this Order by: (a) submitting an Application to Proceed *In Forma Pauperis*, or (b) paying the filing fee, before the deadline will result in a recommendation to the district judge that this case be dismissed.

6. Plaintiff shall file a certificate of interested parties as required by LR 7.1-1 of the Local Rules of Practice on or before **September 22, 2017**.

Dated this 23rd day of August, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 1915(a)(2) requires a prisoner seeking to bring a civil action without prepaying fees to "*submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint*, which the prisoner must obtain "from the appropriate official of each prison at which the prisoner is or was confined." (emphasis added).

[4] 28 U.S.C. § 1915(a)(1) states that federal courts may authorize a prisoner's filing of a civil action without prepayment of fees when he "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."