UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lavern C. Fast Horse,<br><br>    Plaintiff<br><br>v.<br><br>State of Nevada, et al.,<br><br>    Defendant | 2:17-cv-02141-JAD-PAL<br><br>**Order Dismissing Case** |

    Pro se plaintiff Lavern C. Fast Horse brings this prisoner-civil-rights action under 42 U.S.C. § 1983.[1] On August 24, 2017, Magistrate Judge Leen ordered Fast Horse to file a completed application to proceed *in forma pauperis* or pay the full filing fee of $400 by September 22, 2017.[2] The deadline has now expired, and Fast Horse has not filed an application to proceed *in forma pauperis*, paid the full filing fee, or otherwise responded.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[4] In determining whether to

---

[1] ECF No. 1-1.

[2] ECF No. 3 at 2.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

The first two factors weigh in favor of dismissal. The third factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] A court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" (fifth factor) requirement.[7] The magistrate judge warned Fast Horse that his "failure to comply with [the August 24, 2017, order] by: (a) submitting an Application to Proceed *In Forma Pauperis*, or (b) paying the filing fee, before the deadline will result in a recommendation to the district judge that this case be dismissed."[8] Fast Horse thus had adequate warning that dismissal would result from his noncompliance with the court's order. The fourth factor is greatly outweighed by the other factors, which overwhelmingly favor dismissal.

Accordingly. IT IS HEREBY ORDERED that **this action is DISMISSED without prejudice** based on Fast Horse's failure to file an application to proceed *in forma pauperis* or pay the full filing fee in compliance with the court's August 24, 2017, order. The **Clerk of Court is directed to enter judgment accordingly**.

DATED: October 4, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[8] ECF No. 3 at 2.